## COURT OF APPEALS,

### March 3, 1908.

# THE PEOPLE v. JANE JONES.

### (191 N. Y. 291.)

(1). TRIAL—ERRONEOUS ADMISSION OF EVIDENCE.

The admission, during the trial of a criminal action, of evidence tending to prove the commission by the defendant of another offense not constituting an element of the one charged, and the admission of testimony that she had been previously indicted and that there was a record of her conviction under such indictment, constitute reversible errors. The fact that it did not appear of what offense the defendant had been convicted and that the records of conviction were excluded when offered in evidence, does not render the admission of the testimony as to the indictment and conviction harmless, since it could not have been otherwise than prejudical to her character and it cannot be said that it did not affect the rendition of the verdict of conviction.

People v. Jones, 122 App. Div. 895, reversed.

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 28, 1907, which affirmed a judgment of the Wyoming County Court, rendered upon a verdict convicting the defendant of the crime of keeping a disorderly house.

The facts, so far as material, are stated in the opinion.

*Frank W. Brown* for appellant. It was error for the trial court to permit the district attorney to prove that the town in which the alleged crime was committed was a "no-license" town. (*People* v. *Myers,* 101 N. Y. Supp. 291; *People* v. *Gibson,* 99 N. Y. Supp. 1052.)

*John Knight* for respondent. The offers on the part of the People to prove records of certain convictions present no error. (*Harwood* v. *People,* 26 N. Y. 190; *People* v. *Hulett,* 15 N. j

Y. Supp. 630; *People* v. *Mauch,* 24 How. Pr. 279; *State* v. *Brainard,* 64 Mo. 260.) Proof that the town was one in which a liquor tax certificate was prohibited to be issued was properly received. (*People* v. *Olmsted,* 74 Hun, 323; *People* v. *Bates,* 61 App. Div. 559; Black on Intoxicating Liquors, § 490.)

*Per Curiam.* We think that this judgment should be reversed and that a new trial should be had, because of serious errors in the admission of evidence.

The defendant was indicted, tried and convicted for the crime of keeping a disorderly house. There was sufficient evidence, if believed, that, within the provisions of section 322 of the Penal Code, she kept a house of so disorderly a character as to habitually disturb the peace, comfort and decency of the neighborhood.

The People were allowed to prove, over the objection of the defendant, that the town of Castile, where the offense was alleged to have been committed, was a town where a liquor tax was prohibited, or, in ordinary parlance, was a " no-license town." This was prejudicial error; for the selling of liquors by defendant, of which there was proof, is a separate offense and it would not constitute an element of the offense charged, merely from the act having been prohibited by law. That this irrelevant and unnecessary evidence may have prejudiced the minds of the jurors against the defendant, in reaching a conclusion as to her guilt upon the charge, is quite within the possibilities.

A witness for the People was allowed to testify, over the objection of the defendant, that there had been, over two years previously, an indictment against her, and that there was a record of conviction. Notwithstanding the exclusion of these records, when offered in evidence, it cannot be said that this testimony was not prejudicial. Although it had not appeared what the offense was of which the defendant had been con-

victed, nevertheless, the fact may have had its effect upon the jurors, and it could not have been otherwise than prejudicial to her character.

It cannot be said that the admission of the evidence referred to did not affect the rendition of the verdict of conviction, and, hence, there must be a new trial.

CULLEN, Ch. J., GRAY, HAIGHT, VANN, WERNER, HISCOCK and CHASE, JJ., concur.

Judgment of conviction reversed, etc.