# COURT OF SPECIAL SESSIONS — NEW YORK — APPELLATE TERM — THIRD JUDICIAL DEPARTMENT.

## November 21, 1922.

## THE PEOPLE v. SAMUEL GORDON, MORRIS GORDON AND LENA BENZIG.

(1) DISORDERLY CONDUCT—JOSTLING WHEN BOARDING STREET CAR.

A person cannot be convicted simply because they were seen pushing their way among a crowd entering a street car and then allowing it to depart and walking away.

(2) SAME.

Pushing and jostling when about to board a car is at times unavoidable, and unless it is of such a nature and character that it indicates an improper purpose, no offense of a criminal nature can be predicated thereon.

Before Hon. CLARENCE EDWARDS, Justice presiding; Hon. FREDERIC KERNOCHAN, Hon. JOHN J. FRESCHI, Associate Justices.

*Joseph A. Selovei,* attorney for appellants.

*Dana Wallace, District Attorney (Joseph Lonardo,* of counsel), attorney for respondent.

PER CURIAM:

Defendants were charged with and convicted of using threatening, abusive and insulting behavior with intent to provoke a breach of the peace and whereby a breach of the peace

might be occasioned, in that they did push and jostle passengers about to board a trolley car on August 19, 1922, at 84th street and Long Island Railroad depot, Hammel Station, in the county of Queens, New York city.

Many of the questions propounded by the court as affecting the character and the credibility of the defendants were incompetent, particularly inquiries concerning prior arrests. Peo. v. Crapo, 15 Hun, 269, 273, aff. 76 N. Y. 288; Peo. v. Irving, 95 N. Y. 541, 543; Peo. v. Cascone, 165 N. Y. 317, 334; Peo. v. Jackson, 191 N. Y. 291, 292; Peo. v. Hinksman, 192 N. Y. 433; Peo. v. Morrison, 194 N. Y. 175, 178 (reargument 195 N. Y. 166). These cases clearly distinguish the authority cited by the district attorney, namely, Brandon v. Peo., 42 N. Y. 265, cited in support of the contention that it is not improper on cross-examination to impeach the credibility of a witness by inquiring respecting prior arrest and accusations.

And it appears from the record that the conclusion reached by the court may have been based upon suggestions of prior criminal conduct on the part of the defendants. We do not think that any person can be lawfully convicted on the actual evidence contained in this case, which amounts to nothing more than that the defendants were seen pushing their way among a crowd entering a street car. It appears also that the car was filled and these defendants and others saw fit to allow the car to depart and thereupon the defendants walked away.

In all congested crowds about to board a car, personal contact and a degree of pushing and jostling is at times unavoidable; and unless it is of such a nature and character that it indicates an improper purpose or resulted in undue interference with others, no offense of a criminal nature can be predicated thereon.

The defendants' conduct in going away after their apparent attempt to board the car may not have been satisfactorily explained; but certainly the group of circumstances did not constitute a sufficient basis for conviction of the offense charged,

nor are any of the other suspicious circumstances sufficient in connection with those above stated to justify conviction.

The judgment of conviction should be reversed for errors of facts and for errors of law, and the complaint should be dismissed and the defendants discharged from custody.