Reliable Loan and Investment Company, Appellant, v. The Delgus Company, Inc., and Another, Respondents, Impleaded with Michael Skidelsky, Defendant.

First Department, March 2, 1928.

Assignments — action by assignee of agreement to purchase stock — failure to give notice of assignment not defense — counterclaim on agreement of seller not to compete with corporation is sufficient — action severed and partial judgment granted under Rules of Civil Practice, rule 114.

In an action by the assignee of the seller of corporate stock to recover on the contract of sale, it is not a defense that the seller failed to notify the purchaser of the assignment as required by the agreement, for a breach of that covenant does not render the assignment void but only makes the assignor liable for any damages suffered through failure to give the notice; the notice was intended to protect the buyer from making payments to the wrong party.

Furthermore, the stipulation for notice applied only to the seller and did not apply to any subsequent assignee of the contract, and, therefore, when the purchaser continued to make payments under the contract to the assignee he acquiesced in the assignment and is estopped from now questioning the validity thereof.

The defense and counterclaim that the seller agreed not to compete with the corporation whose stock was sold while supported by little proof is sufficient to warrant the court in permitting the defendant to defend thereon.

The plaintiff's motion for summary judgment should be granted so far as to sever the action and direct partial judgment under rule 114 of the Rules of Civil Practice.

Appeal by the plaintiff from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 31st day of May, 1927.

Motion was made by plaintiff for summary judgment under rule 113 of the Rules of Civil Practice or in the alternative for partial judgment pursuant to rule 114 of the Rules of Civil Practice.

*J. George Silberstein* of counsel [*Charles Tolleris* and *Leonard Acker* with him on the brief; *Charles Tolleris*, attorney], for the appellant.

*Milton Paulson* of counsel [*Pomerantz & Paulson*, attorneys], for the respondents.

PROSKAUER, J.  By several written agreements The Delgus Company, Inc., bought stock of the Larvex Corporation from the Rosses.  The agreements provided for an abatement by $5,000 of the purchase price in the event that these sellers entered into competition with the Larvex Corporation.  It also provided that " this agreement and the payments to be made thereunder may be assigned by the [sellers] upon condition, however, that [they] give notice in writing by registered mail " to the buyer, The Delgus Company, Inc.  The defendants Rosenberg and Skidelsky guaranteed the payments to be made by The Delgus Company, Inc.  The agreements were assigned by the Rosses to the defendant Skidelsky, who in turn assigned to one Siegfried and Siegfried assigned to the plaintiff as collateral security for a loan.  After the assignment to Siegfried, The Delgus Company, Inc., continued to make payments to Siegfried under the contracts.  These facts are undisputed.

The action is to recover the payments required under the agreements to be made by The Delgus Company, Inc.

Summary judgment is resisted on the ground that the assignment to the plaintiff is made invalid by the clause in the agreement requiring the giving of notice in writing by registered mail.  There are two answers to this contention.  The covenant requiring notice in writing does not make the assignment void, but only makes the assignor liable for damages, if any.  (*Manchester* v. *Kendall*, 51 N. Y. Super. Ct. [19 J. & S.] 460; affd., 103 N. Y. 638; *Bank of United States* v. *Public Bank of New York City*, 88 Misc. 568; affd., 168 App. Div. 915.)  It was obviously intended to protect the buyer from making payments to the wrong party.  Moreover, by the payments made to Siegfried, The Delgus Company, Inc., waived this clause.  The covenant regarding assignments, moreover, relates only to assignments " by the party of the first part," the Rosses, and not to assignments by any assignee of the party of the first part.  The Delgus Company, Inc., having acquiesced in the assignments to Skidelsky and Siegfried, is in no position to question the validity of the subsequent assignment.

A defense is asserted for the abatement of $5,000 on the ground that the Rosses did compete with the Larvex Corporation.  While the proof supporting the alleged counterclaim is meagre, we deem it in the interest of justice to give defendants their day in court on this claim.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion granted so far as to sever the action and direct judgment under rule 114 of the Rules Civil Practice for the plaintiff's claim, less the $5,000 for which

defendant The Delgus Company, Inc., claims credit under the first separate and distinct defense.

Dowling, P. J., Merrell, McAvoy and Martin, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted so far as to sever the action and direct judgment under rule 114 for the plaintiff's claim, less the $5,000 for which defendant The Delgus Company, Inc., claims credit under the first separate and distinct defense.   Settle order on notice.