THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WARREN G. HORIE, BENJAMIN SCHOENFELD, RUBIN MOSKOWITZ and SAMUEL JAFFE, Appellants, Impleaded with ALBERT HANN, Defendant.

First Department, December 18, 1939.

*Harry Sacher* of counsel [*Morris Dickman*, attorney], for the appellants.

*Manuel Robbins, Deputy Assistant District Attorney* [*Thomas E. Dewey, District Attorney*], for the respondent.

UNTERMYER, J.  The information charged the appellants with unlawfully and willfully injuring certain property of the Arrow Cab Corporation on October 30, 1937, in violation of section 1433 of the Penal Law.

·A taxicab chauffeur employed by the Arrow Cab Corporation, who was also a delegate of the Transport Workers' Union, was discharged from his employment about October 29, 1937, resulting in a dispute between the managing director of the Arrow Company and representatives of the union, including certain of the appellants.

On the morning of October 30, 1937, at about four-thirty o'clock, the appellants were observed in the vicinity of the Arrow garage on West Sixty-first street in the city of New York where several taxicabs were parked.  When apprehended by police officers they stated that they were union organizers and had visited three garages in the vicinity to interview delegates who were night drivers of taxicabs. In the rear of appellant Schoenfeld's automobile were found a quantity of articles, including a powdered substance subsequently identified as emery, as to which all of the appellants denied ownership. It was then discovered, upon examination, that emery had been placed in the crankcases of two of the taxicabs belonging to the Arrow Company.

The case against the defendant Hann, also associated with the union, was dismissed by the court for failure to establish a *prima facie* case.  Hann was then called by the prosecution and, over

objection and exception, was permitted to testify to a conference in February, 1938, about three months after the commission of the crime charged herein, at which Horie, referring to a controversy with another company, had stated: " We will go out and burn up some of their cabs." He was also permitted to testify that Schoenfeld was in possession of emery powder on another occasion in no way connected with the crime charged in this information " around the latter part of August, in the Union Hall, 1938."

All this testimony, though inadmissible, was apparently considered to be relevant and material. The record contains no evidence to suggest that the crime charged against the appellants was part of a general scheme of sabotage which included the extraneous matters to which Hann testified, and, therefore, proof of these subsequent occurrences was erroneously received. (*People* v. *Molineux*, 168 N. Y. 264; *People* v. *Montana*, 252 App. Div. 109.)

We think the error was so prejudicial as to require the granting of a new trial. The rule " which excludes evidence of other crimes unless the evidence is relevant to the issues on trial should be strictly enforced." (*People* v. *Richardson*, 222 N. Y. 103.) The improper admission of such evidence constitutes a very serious infraction of the rights of a defendant (*People* v. *Jones*, 191 N. Y. 291), whether the triers of the facts be a jury or a court. " The natural and inevitable tendency of the tribunal — whether judge or jury — is to give excessive weight to the vicious record of crime thus exhibited, and either to allow it to bear too strongly on the present charge, or to take the proof of it as justifying a condemnation irrespective of guilt of the present charge." (1 Wigmore on Evidence [2d ed.], § 194.) In the present case the admission of the evidence was vigorously resisted by the defendants. Its relevancy was fully argued and the court, one justice dissenting, held that it was relevant and should be received. We can only conclude that, having held the evidence to be relevant, it was considered by the court in passing upon the question of the guilt or innocence of the defendants. Under these circumstances the error is too serious to be disregarded under section 542 of the Code of Criminal Procedure.

The judgment of conviction should be reversed and a new trial ordered.

Glennon and Callahan, JJ., concur; Martin, P. J., and Dore, J., dissent.

Martin, P. J. (dissenting). The defendants-appellants argue that because incompetent evidence was admitted the convictions should be reversed. Assuming that incompetent evidence was admitted, there was, nevertheless, competent evidence presented which is clearly sufficient to sustain the convictions.

This case was tried in the Court of Special Sessions before three justices and not before a jury. The three justices had an opportunity to observe all the witnesses and to appraise their testimony. The courts have held that, where there is evidence of guilt, the finding of the trial court should be given great weight. (See *People* v. *Tendetnick*, 237 App. Div. 9, and the cases cited therein.)

In *People* v. *Atlas* (183 App. Div. 595, 600) the court said: " The rule is well settled that on the review of a conviction in a criminal case where there is any evidence of guilt, the question of reasonable doubt must be left to the jury or trial court, and the verdict or decision on the facts must ordinarily be deemed conclusive and will not be disturbed unless it is perfectly clear that it is against the weight of the evidence."

The defendants-appellants failed to take the stand or to testify in their own behalf, despite the fact that this case was not tried before a jury and the reason frequently advanced by defendants, that they might be prejudiced before the jury, was not present herein.

The error, if there was error in the admission of evidence, is not sufficient to warrant a reversal of the judgment appealed from by the defendants-appellants. (Code Crim. Proc. § 542.)

I dissent and vote to affirm.

Dore, J., concurs.

Judgment reversed and a new trial ordered.