■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VICTOR GARCIA, Appellant.— Judgment of conviction reversed, upon the law and the facts, the verdict vacated and a new trial ordered in the interests of justice. Clearly, on the record here, it was error to allow the Assistant District Attorney to interrogate the defendant on cross-examination as to whether or not he

had theretofore appeared in a New York courtroom in connection with another matter and, upon the defendant's response that he did not remember, then, to allow the introduction by the prosecutor of the testimony by two witnesses, connected with the court and the Bureau of Criminal Identification, to show that the defendant had appeared in a Court of Special Sessions on an earlier occasion in connection with the arraignment on an independent criminal charge. The People concede that the prosecutor should not have called these witnesses for the purpose of eliciting testimony upon an entirely collateral matter. In any event, the allowance of the cross-examination and the receipt of the particular testimony constituted error in having the effect of bringing before the jury the fact of a previous criminal charge and arrest which, of course, was not to be permitted (see *People* v. *Jones,* 191 N. Y. 291; *People* v. *Jusino,* 10 A D 2d 618) and also was in distinct violation of the rule generally precluding collateral evidence having no relevancy except on the issue of credibility. (See *People* v. *De Garmo,* 179 N. Y. 130; Richardson, Evidence [8th ed.], §§ 503, 511, 512 and cases cited.) Here, the verdict of guilty insofar as this defendant is concerned depends upon the validity and context of his alleged confession. There was no independent evidence of his participation in the alleged crime. He took the stand and gave testimony raising issues as to the nature and extent of his statements to the officers and as to the voluntariness of his alleged confession. Inasmuch as the defendant's defense depended entirely upon a resolving of the issue of credibility, it may not reasonably be said that the errors did not affect the result. (See *People* v. *De Garmo, supra,* p. 135; *People* v. *Jones, supra,* p. 292; *People* v. *Jusino, supra.*) Consequently, we cannot overlook such errors as not affecting the rights of the accused within the meaning of section 542 of the Code of Criminal Procedure. (*People* v. *Mleczko,* 298 N. Y. 153, 162; *People* v. *Hetenyi,* 304 N. Y. 80, 88.) Concur — McNally, Stevens and Eager, JJ.; Rabin, J. P., and Steuer, J., dissent and vote to affirm under section 542 of the Code of Criminal Procedure.