■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NOEL PRAGER, Appellant. — Appeal by defendant from an order of the Supreme Court, Queens County, dated February 1, 1966, which denied his *coram nobis* application without a hearing. Appeal dismissed as moot. On the companion appeal we are reversing the judgment and granting a new trial. Hence, this appeal is moot. Beldock, P. J., Christ, Rabin, Benjamin and Munder, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NOEL PRAGER and JOSEPH JOHN SCHANTZ, Appellants.— Appeals from two judgments of the Supreme Court, Queens County, both rendered originally on August 26, 1964 and on resentence on November 30, 1964, each as to one defendant, respectively, convicting defendants of first degree robbery, first degree grand larceny and second degree assault, upon a jury verdict, and which imposed the following concurrent sentences: Schantz 10 to 15 years on the robbery count, 5 to 10 years on the grand larceny count and 2½ to 5 years on the assault count; Prager 10 to 20 years on the robbery count, 5 to 10 years on the grand larceny count and 2½ to 5 years on the assault count. Judgments reversed, on the law, and new trial ordered. The findings of fact below are affirmed. In our opinion the conduct of the trial was such that defendants were deprived of a fair trial (*People* v. *Neumuller*, 29 A D 2d 886; *People* v. *Vega*, 304 N. Y. 848; *People* v. *Mendes*, 3 N Y 2d 120, 121–122). We also believe that there was error in circumscribing the *voir dire* on Schantz' confession, in denying his request to testify on the *voir dire* (see *People* v. *Whitmore*, 27 A D 2d 939) and in the introduction of proof that he had been charged with another crime of which he had not been convicted (*People* v. *Santiago*, 15 N Y 2d 640; *People* v. *Cascone*, 185 N. Y. 317, 334). Further, we deem the trial court's charge inadequate with respect to the voluntariness of Schantz' confessions (see *People* v. *Whitmore, supra*; *People* v. *Stigler*, 9 N Y 2d 717; *People* v. *Vitagliano*, 15 N Y 2d 360; *People* v. *Robinson*, 13 N Y 2d 296, 302) and with respect to the assault count (*People* v. *Miller*, 6 N Y 2d 152). Beldock, P. J., Christ, Rabin, Benjamin and Munder, JJ., concur.