■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH DEMKO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered July 18, 1977, convicting him of two counts of criminally negligent homicide, upon a jury verdict, and imposing sentence. Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered. Although defendant had been arrested for driving while intoxicated he was never convicted on that charge and, in fact, the charge had been dismissed prior to his trial on the instant indictment. Accordingly, it was gross error to admit evidence that defendant had been arrested for driving while intoxicated, and this error was compounded by the prosecutor's reference thereto on summation (see *People v Rivera*, 26 NY2d 304, 307; *People v Gagliardi*, 38 AD2d 733; *People v Prager*, 30 AD2d 848; *People v Garcia*, 19 AD2d 601). In addition, it was error to allow the prosecutor, during summation, to express his personal belief that defendant was guilty of the crimes charged (see *People v Jones*, 47 AD2d 761). The cumulative effect of these errors was to deprive defendant of a fair trial, and the conviction must accordingly be reversed *(People v Crimmins*, 36 NY2d 230, 238). We note that the constitutionality of subdivision 4 of section 1194 of the Vehicle and Traffic Law (allowing the introduction of evidence of a defendant's refusal to submit to a chemical test to determine the alcoholic content of his blood) has recently been upheld in *People v Thomas* (46 NY2d 100). Defendant's claim of error in regard to evidence introduced pursuant to subdivision 4 of section 1194 is without merit. Damiani, J. P., O'Connor and Margett, JJ., concur.

Martuscello, J., dissents and votes to affirm the judgment, with the following memorandum: On May 19, 1975 at approximately 12:00 midnight, the defendant while driving his automobile struck and killed two pedestrians, Rudolph and Anne Marie De Berardinis. Police Officer Thomas Chickory responded to the scene where he spoke to the defendant. At defendant's trial on charges of manslaughter in the second degree and criminally negligent homicide Officer Chickory testified about defendant's condition on the night in question. His testimony was that defendant spoke with a "thick tongue" and was swaying as he walked to the radio car; that from a distance of one foot there was a faint odor of alcohol on defendant's breath; that from a closer distance the odor became obvious; and that defendant's eyes were bloodshot. Officer Chickory also testified that he then arrested defendant for driving while intoxicated. Police Officer Frank Taglavia testified at the trial that defendant refused to take a breathalizer test. The majority contends that it was error to admit evidence of defendant's arrest for driving while intoxicated since the charge was ultimately dismissed. It is to be noted that the charge was dismissed when the arresting officer failed to appear on the return date of the summons. In my view no error was committed. Evidence of defendant's refusal to take the breathalizer test was clearly admissible (see *People v Thomas*, 46 NY2d 100). Defendant's refusal to take the test and the arrest for driving while intoxicated were directly related to each other (see Vehicle and Traffic Law, §§ 1192-1194) and evidence so inextricably interwoven was properly admissible (see *People v*

*Vails,* 43 NY2d 364). In any event even if the admission of testimony about the arrest was error it was harmless beyond a reasonable doubt (see *People v Crimmins,* 36 NY2d 230). Officer Chickory carefully described what appeared to be defendant's intoxicated state. Further testimony that defendant was arrested for driving while intoxicated merely relates the natural *sequelae* of the testimony that defendant appeared intoxicated. The evidence of the arrest adds no weight to the case against defendant. In addition defendant testified that the charges of driving while intoxicated had been dismissed. Therefore, it is beyond peradventure that the jury could not have been affected by testimony about the arrest. The majority, in relying on the testimony of the arrest to reverse the conviction, misconstrues the cases it has cited. Those cases involve admission into evidence of proof of collateral crimes. Here testimony about the arrest for driving while intoxicated related to the *very* crime for which defendant was charged. Regarding the fact that the prosecutor expressed his personal belief in defendant's guilt, while I agree that this was error, it does not warrant reversal. The incident was isolated and in a case such as this where proof of guilt was overwhelming the error must be deemed harmless *(People v Crimmins,* 36 NY2d 230, *supra).* Accordingly, I vote to affirm the judgment.