No. 19-87
Brettler v. Allianz Life Insurance Company of North America

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

August Term, 2019

(Argued: December 17, 2019        Decided: December 29, 2022)

Docket No. 19-87

_____

HERMAN BRETTLER, TRUSTEE OF THE ZUPNICK FAMILY TRUST 2008 A,

*Plaintiff-Appellant*,

v.

ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA,

*Defendant-Appellee*.

_____

Before: POOLER and LOHIER, *Circuit Judges*.[1]

This appeal arises out of an action that Herman Brettler brought against Allianz Life Insurance Company of North America ("Allianz") in Brettler's capacity as a trustee of the Zupnick Family Trust 2008A ("Trust"). Brettler sought a declaratory judgment that an Allianz life insurance policy ("Zupnick Policy"), which Brettler contends is owned by the Trust, remains in effect. The district court (Eric N. Vitaliano, *J.*) concluded that the Trust was not the actual owner of the Zupnick Policy under New York law because any assignment of the policy to the Trust failed to comply with the Zupnick Policy's provision that assignment would be effective upon Allianz's receipt of written notice of the assignment. The district court held that the Trust lacked contractual standing to sue on the Zupnick Policy, and granted Allianz's motion to dismiss.

On appeal, Brettler argues that failure to comply with the provisions of a life insurance policy requiring written notice of assignment cannot, under New York law, render an assignment ineffective. Because this argument turns on a

---

[1] Circuit Judge Peter W. Hall, originally a member of the panel, passed away on March 11, 2021. The two remaining members of the panel, who are in agreement, have determined to issue this opinion. *See* 2d Cir. IOP E(b).

question of state law for which no controlling decision of the New York Court of Appeals exists, we CERTIFY this question to the Court of Appeals. *See* 22 N.Y.C.R.R. § 500.27(a); 2d Cir. L.R. 27.2(a).

_____

DAVID BENHAIM (Ira S. Lipsius, *on the brief*), Lipsius-BenHaim Law, LLP, Kew Gardens, N.Y., *for Plaintiff-Appellant Herman Brettler*.

ROLAND C. GOSS, Drinker Biddle & Reath LLP, Washington, D.C., *for Defendant-Appellee Allianz Life Insurance Company of North America*.

POOLER, *Circuit Judge*:

This appeal arises out of an action that Herman Brettler brought against Allianz Life Insurance Company of North America ("Allianz") in Brettler's capacity as a trustee of the Zupnick Family Trust 2008A ("Trust"). Brettler sought a declaratory judgment that an Allianz life insurance policy ("Zupnick Policy"), which Brettler contends is owned by the Trust, remains in effect. The district court (Eric N. Vitaliano, *J.*) concluded that the Trust was not the actual owner of the Zupnick Policy under New York law because any assignment of the policy to the Trust failed to comply with the Zupnick Policy's provision that assignment would be effective upon Allianz's receipt of written notice of the assignment. The

district court held that the Trust lacked contractual standing to sue on the Zupnick Policy, and granted Allianz's motion to dismiss.

Brettler appealed, arguing that the district court erred in concluding that the Trust was not the owner of the Zupnick Policy at the time the complaint was filed. Allianz argued that the Zupnick Policy was not properly assigned to the Trust because the Trust failed to provide Allianz with written notice of the assignment. *See Brettler Tr. of Zupnick Fam. Tr. 2008 A v. Allianz Life Ins. Co. of N. Am.*, 842 F. App'x 710, 712 (2d Cir. 2021) (summary order). We noted that "Allianz's assertion that failure to comply with a provision in a life insurance policy requiring written notice of an assignment renders the assignment ineffective is likely a question best answered by the New York Court of Appeals since there is no binding precedent on the issue." *Id*. However, we found that there were "a number of issues, understandably left unresolved by the district court, that may dispose of this matter without the need for certification." *Id*. Rather than immediately certify, we remanded for the district court to consider (1) whether the complaint plausibly alleged that the action was timely; and (2) whether the Policy was, in fact, assignable on May 24, 2016 (when the purported assignment took place). *See id*. at 712-13. Our remand was pursuant to *United*

4

*States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994), with either party able to request that the appeal be reinstated within 21 days of the district court's opinion. *Id*. at 713.

On remand, the district court concluded that "plaintiff has plausibly alleged (1) the action is timely, and (2) the policy was assignable on May 24, 2016." *Brettler Tr. of Zupnick Fam. Tr. 2008 A v. Allianz Life Ins. Co. of N. Am.*, No. 16-cv-6855 (ENV)(SLT), 2022 WL 1749134, at *7 (E.D.N.Y. May 31, 2022). We recalled the mandate and reinstated the appeal on September 22, 2022. The question of whether a failure to comply with the provisions of a life insurance policy requiring written notice of assignment can, under New York law, render an assignment ineffective remains unresolved by the New York state courts, and in particular by the New York Court of Appeals. Because we are inclined to agree with the district court's assessment of the alternative grounds for dismissal, and because this question turns on an unresolved issue of state law, we now certify this question to the Court of Appeals. *See* 22 N.Y.C.R.R. § 500.27(a); 2d Cir. L.R. 27.2(a).

# BACKGROUND

## I.  Factual Background

On April 7, 2008, Allianz, a Minnesota corporation, issued a life insurance policy with a value of $8,000,000 on the life of Dora Zupnick, a resident of Brooklyn, New York. The Zupnick Policy contained the following provision concerning assignments of the policy:

> You may assign or transfer all or specific ownership rights of this policy. An assignment will be effective upon Notice. We will record your assignment. We will not be responsible for its validity or effect, nor will we be liable for actions taken on payments made before we receive and record the assignment.

App'x at 64. The Zupnick Policy further defined the term "Notice" as "[o]ur receipt of a satisfactory written request." App'x at 54. Under the policy, the policy owner is "solely entitled to exercise all rights of this policy until the death of the Insured." *Id.*

The Zupnick Policy also contained a provision under which a 61-day grace period begins if the policy owner fails to pay their monthly premium. The grace period provision requires the payment of three months of premiums by the end of the grace period for the policy to remain in force.

In April 2012, the Trust sold the Zupnick Policy to Miryam Muschel. In compliance with the Zupnick Policy's assignment provision, on or about April 27, 2012, the Zupnick Trust notified Allianz, using an Allianz Service Request form, that the ownership of the Zupnick Policy had been assigned from the Zupnick Trust to Muschel. Brettler signed the "Owner's signature" portion of the Service Request form on behalf of the Zupnick Trust, and lawyers representing the Trust transmitted the Service Request form to Allianz by fax.

Muschel subsequently determined that she no longer wanted to own the policy. In May 2013, the Trust resumed payment of the premiums, on the understanding with Muschel that the Trust would eventually reacquire the policy. It is undisputed, however, that Allianz was not notified of any assignment from Muschel back to the Zupnick Trust until the filing of the complaint.

On May 4, 2013, Allianz sent Muschel a grace period notice stating that $117,810.90 in premium payments on the Zupnick Policy was due to Allianz by June 8, 2013, the end of the grace period. On or about June 7, 2013, the Zupnick Trust sent Allianz a check for the amount due, to be drawn on an account at Chase Bank. On June 25, 2013, however, Allianz informed the Zupnick Trust that

Chase Bank had not honored the check for payment. Chase Bank subsequently "notified Allianz that the check should have been honored and that the failure to honor the check was a bank error," App'x at 21 (Compl. ¶ 15), and the Zupnick Trust offered a replacement check. Nevertheless, Allianz "consider[ed] the [Zupnick] Policy lapsed and without effect for failure to pay premiums" within the grace period. App'x at 21 (Compl. ¶ 16).

On May 24, 2016, Muschel and the Zupnick Trust executed a formal agreement ("Purchase Agreement"), under which Muschel assigned the Zupnick Policy to the Zupnick Trust. While Muschel and Brettler, in his capacity as a trustee, filled out an Allianz "Request to Transfer Ownership" form in connection with the Purchase Agreement, App'x at 144, Brettler later informed the district court that Allianz was not told of the assignment of the policy from Muschel back to the Zupnick Trust until the filing of the complaint, App'x at 220.

## II. Procedural Background

On September 19, 2016, Brettler filed suit in his capacity as a trustee against Allianz in Kings County Supreme Court, seeking a declaratory judgment that the Zupnick Policy remained "in full force and effect." App'x at 12 (Compl. ¶ 56). The Complaint alleged that the Zupnick Trust was the owner and

8

beneficiary of the Zupnick Policy. It contended that though Allianz "consider[ed] the Policy lapsed and without effect for failure to pay premiums," App'x at 8 (Compl. ¶ 16), the Zupnick Policy nevertheless was in effect because, inter alia, the premiums were paid before Allianz declared that the policy lapsed, and Allianz's grace period notice was inadequate under state law because it was untimely, provided an incorrect due date, and misstated the amount due. Brettler did not seek to recover benefits on the policy because the insured, Dora Zupnick, remained alive.[2] Muschel was not a party to the case.

On December 12, 2016, Allianz removed the action to federal court. On May 5, 2017, Allianz moved for dismissal on several grounds, including (1) that the court lacked subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), on the basis that the Zupnick Trust did not own the policy and therefore lacked standing to sue; (2) that Brettler failed to state a plausible claim for relief under Federal Rule of Civil Procedure 12(b)(6); and (3) that the action was time-barred under New York statutes of limitations, citing New York Insurance Law § 3211(d) and New York Civil Practice Law and Rules § 214(2).

---

[2] Dora Zupnick has since died.

9

The district court granted Allianz's motion to dismiss in a December 6, 2018 memorandum and order. *Brettler Tr. Of Zupnick Fam. Tr. 2008 A v. Allianz Life Ins. Co. of N. Am.*, No. 16-cv-6855, ECF No. 27, (E.D.N.Y. Dec. 6, 2018). The district court reasoned that Allianz's motion to dismiss for lack of standing relied on contractual standing arguments properly analyzed under Federal Rule of Civil Procedure 12(b)(6). The district court held that Brettler lacked contractual standing to sue because, under New York law, "[o]nly the policy owner has standing to sue based on an insurance policy." *Id.* at 7 (internal quotation marks and citation omitted). The district court concluded that the Zupnick Trust was not the owner of the Zupnick Policy because the Zupnick Trust failed to provide Allianz with written notice of the assignment of the Zupnick Policy from Muschel to the Zupnick Trust. Accordingly, the district court dismissed the complaint for failure to state a claim upon which relief could be granted. Brettler appealed, and as discussed above, we remanded for the district court to consider several alternative bases for dismissal in the first instance. After the district court concluded that there were no alternative grounds for dismissal, we recalled the mandate and reinstated the appeal.

**DISCUSSION**

"We review *de novo* the dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations as true, and drawing all reasonable inferences in the plaintiff's favor." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016).

Brettler argues that the district court erred in holding that, because the assignment of the Zupnick Policy to the Zupnick Trust failed to comply with the policy's provision stating that assignment would be effective on written notice, the assignment was not effective, and therefore Brettler lacked contractual standing to bring suit in his capacity as a Trustee. As we set out below, whether the assignment of a life insurance policy has legal effect when it fails to comply with the policy's notice requirement is a question resolved under New York law. Because no controlling decision of the New York Court of Appeals answers this question, and because we are inclined to agree with the district court's conclusion that the alternative grounds for dismissal presented are foreclosed, we certify this question to the New York Court of Appeals.

11

## I. Contractual Standing to Sue on Insurance Policies under New York Law[3]

Under New York law, "[o]nly the [insurance] policy owner has standing to sue based on an insurance policy." *Pike v. N.Y. Life Ins. Co.*, 901 N.Y.S.2d 76, 82 (2d Dep't 2010). "A non-party to a contract governed by New York law lacks standing to enforce the agreement in the absence of terms that clearly evidence an intent to permit enforcement by the third party in question." *Premium Mortg. Corp. v. Equifax, Inc.*, 583 F.3d 103, 108 (2d Cir. 2009) (brackets and internal quotation marks omitted).

There is no allegation here of an intent under the policy to permit third-party enforcement of the Zupnick Policy, so that is not at issue in this case. Further, it is conceded that Allianz received no written notice of the assignment of the Zupnick Policy from Muschel to the Zupnick Trust before the filing of Brettler's complaint. Thus, whether Brettler lacks contractual standing to bring suit on the Zupnick Policy turns on whether the policy's requirement of written notice of assignment renders Muschel's assignment of the policy to the Zupnick

---

[3] Neither party disputes the holding of the district court—which is correct, in our view—that New York law applies to the instant case. *See Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of N.Y.*, 822 F.3d 620, 641-42 (2d Cir. 2016).

Trust ineffective. *See Pike*, 901 N.Y.S.2d at 82; *see also, e.g., Berardino v. Ochlan*, 770 N.Y.S.2d 75, 77 (2d Dep't 2003) ("As to the plaintiff's allegation that disclosure was not made to [the plaintiff's relative], [the relative] is not a plaintiff and, because he is not an owner of the policy, he would not have standing to sue."); *Heslin v. Metro. Life Ins. Co.*, 733 N.Y.S.2d 753, 754 n.1 (3d Dep't 2001) ("We agree with defendants' claim that plaintiffs . . . do not have standing to commence this action as none purchased any of the subject policies.").

## II.     Restraints on Assignment under New York Law

Under New York law, "in the absence of language clearly indicating that a contractual right thereunder shall be nonassignable, a prohibitory clause [against assignment] will be interpreted as a personal covenant not to assign." *Allhusen v. Caristo Constr. Corp.*, 303 N.Y. 446, 450 (1952). Breach of these covenants generally "justifies only an award of damages, unless the language of the covenant clearly indicates a stronger intent." *Citibank, N.A. v. Tele/Res., Inc.*, 724 F.2d 266, 268 (2d Cir. 1983); *see also Belge v. Aetna Cas. & Sur. Co.*, 334 N.Y.S.2d 185, 187 (4th Dep't 1972) ("[A] breach of covenant not to assign creates a right in the contract obligee . . . to recover against the obligor-assignor . . . any damage suffered by reason of the assignment, but it does not affect the transfer of contract rights to the

13

assignee."). "To reveal the intent necessary to preclude the power to assign, or cause an assignment violative of contractual provisions to be wholly void, a contractual clause must contain express provisions that any assignment shall be void or invalid if not made in a certain specified way." *Pravin Banker Assocs., Ltd. v. Banco Popular Del Peru*, 109 F.3d 850, 856 (2d Cir. 1997) (quoting *University Mews Assocs. v. Jeanmarie*, 471 N.Y.S.2d 457, 461 (N.Y. Sup. Ct. 1983)) (brackets omitted).

New York courts have had opportunity to apply these principles in cases involving contractual clauses prohibiting assignment without the consent of the parties to the contract. The Appellate Division explained in *Sullivan v. International Fidelity Insurance Company* that "[w]ith regard to the contractual provision prohibiting assignments without . . . written consent," New York courts have "consistently held that assignments made in contravention of a prohibition clause in a contract are void if the contract contains clear, definite and appropriate language declaring the invalidity of such assignments." 465 N.Y.S.2d 235, 237 (2d Dep't 1983). But "where the language employed constitutes merely a personal covenant against assignments, an assignment made in violation of such covenant gives rise only to a claim for damages against the

14

assignor for violation of the covenant." *Id.* In the context of consent to assignment provisions, "[t]he decisive consideration is not whether the assignee knew of the contract requirement of consent to assignment nor whether the contract obligee wrongfully withheld consent thereto, but whether the assignor had the basic, fundamental right to transfer his valuable contract interest." *Belge*, 334 N.Y.S.2d at 188. Here, however, the Zupnick Policy mandated that the assignment would be effective on notice. *See* App'x at 64 ("An assignment *will be* effective upon Notice. We *will record* your assignment." (emphasis added)). Insofar as the Zupnick Policy therefore gave Allianz no choice but to record the assignment upon written notice, case law considering the legal effect of consent to assignment provisions is not controlling in the instant case.

The Appellate Division has addressed whether, under New York law, failure to comply with a provision in a stock sale agreement requiring written notice of an assignment renders an assignment of that agreement ineffective. In *Reliable Loan & Investment Co. v. Delgus Co.*, 227 N.Y.S. 425 (1st Dep't 1928), the court considered an agreement in which the Delgus Company agreed to buy stock of the Larvex Corporation from the Rosses. The agreement provided that "this agreement and the payments to be made thereunder may be assigned by

15

the [sellers] upon condition, however, that [they] give notice in writing by registered mail" to Delgus. *Id.* at 426 (internal quotation marks omitted). The Rosses' interest in the agreement was subsequently assigned three times. *Id.* In a subsequent action brought by the third assignee to collect payments due under the agreement from Delgus, Delgus contended that the assignments were invalid because it did not receive written notice of the assignment in compliance with the stock sale agreement. *Id.* The court disagreed and upheld the assignment as valid on the basis that, under the general rule applicable to anti-assignment provisions, "[t]he covenant requiring notice in writing does not make the assignment void, but only makes the assignor liable for damages, if any," and the provision "was obviously intended to protect the buyer from making payments to the wrong party." *Id.* at 426-27.[4] Thus, under New York law, the failure to

---

[4] The court also concluded that it had a second basis upon which to uphold the assignment: Delgus honored the assignment to the first and second assignee, so it was "in no position to question the validity of the subsequent assignment." *Id*. at 427. This basis is inapplicable here because though the first assignment of the Zupnick Policy (to Muschel) complied with the written notice requirement, the second assignment (to the Zupnick Trust) did not. Thus, it does not matter for purposes of this case whether Allianz acquiesced to the first assignment, because it was only the second assignment at issue here that was noncompliant.

comply with the notice of assignment provision of a stock agreement does not render an assignment ineffective.

Though some subsequent cases cite *Reliable Loan* approvingly, *see Sacks v. Neptune Meter Co.*, 258 N.Y.S. 254, 263 (1st Dep't 1932), we are aware of no case that does so in which a written notice of assignment requirement was at issue. Further, *Reliable Loan* is an older precedent of the Appellate Division, not the New York Court of Appeals, and considered the question at issue in the context of a stock sale agreement, not a life insurance policy. We therefore cannot say with confidence that *Reliable Loan* resolves this case.

Further, there appears to be no case answering the question of whether, under New York law, failure to comply with a provision in a life insurance policy requiring written notice of an assignment renders an assignment of the policy ineffective. Brettler argues that New York's general rule governing anti-assignment provisions in contracts resolves this case. That is, he contends, because the assignment provision of the Zupnick Policy did not clearly bar assignment (and, in fact, explicitly provided for assignment upon satisfactory written notice to Allianz) the Zupnick Trust's failure to comply with the assignment provision does not render the assignment ineffective. Instead, he

17

argues, the failure to notify is but a violation of a "covenant[] whose breach justifies only an award of damages." *Citibank, N.A.*, 724 F.2d at 268. Brettler bolsters his argument with support from New York's statutory provisions concerning the assignment of life insurance policies. He relies on the statutory provision for group life insurance policies, N.Y. Ins. Law § 3220, which authorizes the prohibition or restriction of assignments in policies, and therefore is meaningfully distinguished from the statutory provision for individual life insurance policies, N.Y. Ins. Law § 3203, which has no such authorizing language. And it is, at least, clear that the Zupnick Policy granted Muschel "the basic, fundamental right to transfer [her] valuable contract interest," the "decisive consideration" in New York's consent to assignment provision cases. *Belge*, 334 N.Y.S. 2d at 188.

Yet, we cannot confidently conclude that New York's general rule concerning restraint on assignment provisions resolves this case. The Zupnick Policy provision at issue reasonably can be read not as an anti-assignment provision, but instead as a mutually agreed-upon provision setting out how assignments are to be made. While it is true that New York courts respect the freedom of assignment, they balance this freedom with the freedom of contract.

18

*See Allhusen*, 303 N.Y. at 452 ("[W]hile the courts have striven to uphold freedom of assignability, they have not failed to recognize the concept of freedom to contract."). Further, "[i]n New York State, an insurance contract is interpreted to give effect to the intent of the parties as expressed in the clear language of the contract. If the provisions are clear and unambiguous, courts are to enforce them as written." *Village of Sylvan Beach v. Travelers Indem. Co.*, 55 F.3d 114, 115 (2d Cir. 1995) (citations omitted). If the Zupnick Trust used the required procedure in assigning the Zupnick Policy from Muschel, the provision's mandatory language would have contractually bound Allianz to recognize the assignment. Indeed, the Zupnick Trust used the procedure in a previous assignment without issue. Relying on these principles, Allianz contends on appeal that the provision at issue was not an anti-assignment provision, and that the district court correctly enforced the clear language of the Zupnick Policy.

In summary, to our knowledge the New York Court of Appeals has not evaluated whether an assignment's noncompliance with a provision in a life insurance policy requiring written notice of assignment invalidates the assignment. Some precedent suggests that if we were to construe the Zupnick Policy provision at issue as an anti-assignment provision, we then should

19

conclude that the Zupnick Trust's failure to provide Allianz with written notice of assignment does not invalidate the assignment, and thus hold that the Zupnick Trust had contractual standing to sue on the policy. These precedents are not dispositive here, however, because the life insurance policy provision at issue may not be an anti-assignment provision for purposes of New York law, but instead may be susceptible to interpretation as a binding contractual provision that dictates the procedure by which an assignment is to take place.

**III.    Certification**

Our local rules authorize this Court to certify a question of state law to a state's highest court if state law permits. 2d Cir. R. 27.2(a). Under the rules of the New York Court of Appeals, "[w]henever it appears to . . . any United States Court of Appeals . . . that determinative questions of New York law are involved in a case pending before that court for which no controlling precedent of the Court of Appeals exists, the court may certify the dispositive questions of law to the Court of Appeals." 22 N.Y.C.R.R. § 500.27(a). "Although the parties did not request certification, we are empowered to seek certification nostra sponte." *CIT Bank N.A. v. Schiffman*, 948 F.3d 529, 537 (2d Cir. 2020) (internal quotation marks and citation omitted).

Whether to certify a question to the Court of Appeals is a discretionary decision guided by multiple factors, including whether "(1) the New York Court of Appeals has not squarely addressed an issue and other decisions by New York courts are insufficient to predict how the Court of Appeals would resolve it; (2) the statute's plain language does not indicate the answer; (3) a decision on the merits requires value judgments and important public policy choices that the New York Court of Appeals is better situated than we to make; and (4) the questions certified will control the outcome of the case." *Id.* (internal quotation marks and citation omitted). We conclude that certification is warranted in this case.

First, there is no case law of the Appellate Division or New York Court of Appeals that resolves the case. And although there is Appellate Division precedent dealing with anti-assignment provisions or a notice of assignment provision in other contexts, "we conclude that we have insufficient guidance from the courts of New York confidently to decide" this case. *Kuhne v. Cohen & Slamowitz, LLP*, 579 F.3d 189, 198 (2d Cir. 2009) (internal quotation marks omitted). Second, the plain language of New York's statutory provision for individual life insurance policies, New York Insurance Law § 3203, which

Brettler puts at issue, offers no clear answer. Third, determining the legal effect of noncompliance with a notice of assignment requirement in a life insurance policy requires, at least in part, a policy conclusion concerning the correct balance between the freedoms of contract and assignment in New York's life insurance market. At least two district courts in our Circuit disagree on how to construe the type of insurance provision at issue here. *See Jakobovits v. PHL Variable Ins. Co.*, No. 17-cv-3527, 2018 WL 2291311 (E.D.N.Y. May 18, 2018); *Jakobovits v. Allianz Life Ins. Co. of N. Am.*, No. 15-cv-9977, 2017 WL 3049538 (S.D.N.Y. July 18, 2017). Finally, resolution of the question to be certified will control the outcome of the case.

We therefore conclude that certification to the Court of Appeals is appropriate. For the reasons stated, the Court hereby certifies the following question to the New York Court of Appeals:

Where a life insurance policy provides that "assignment will be effective upon Notice" in writing to the insurer, does the failure to provide such written notice void the assignment so that the purported assignee does not have contractual standing to bring a claim under the Policy?

22

The New York Court of Appeals is respectfully invited to reformulate or expand this question as required to address any other questions of New York law that it determines will assist this Court in resolving this appeal.

**CONCLUSION**

It is hereby ORDERED that the Clerk of this Court transmit to the Clerk of the New York Court of Appeals this opinion as our certificate, together with a complete set of briefs, appendix, and the record filed in this Court by the parties. This panel retains jurisdiction for purposes of resolving this appeal after the disposition of our certification by the New York Court of Appeals.

**CERTIFICATE**

The foregoing is hereby certified to the New York Court of Appeals pursuant to 22 N.Y.C.R.R. § 500.27(a) and 2d Cir. R. 27.2(a), as ordered by the United States Court of Appeals for the Second Circuit.