19-87-cv
Brettler, Tr. of Zupnick Fam. Tr. 2008 A v. Allianz Life Ins. Co. of N. Am.

# United States Court of Appeals
# for the Second Circuit

August Term, 2019

(Argued: December 17, 2019
Final Briefs Submitted: January 12, 2024          Decided: April 5, 2024)

Docket No. 19-87-cv

_____

HERMAN BRETTLER, TRUSTEE OF THE ZUPNICK FAMILY TRUST 2008 A,

*Plaintiff-Appellant*,

v.

ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA,

*Defendant-Appellee*.

_____

Before:

KEARSE, LOHIER, and LEE, *Circuit Judges*.*

Herman Brettler challenges the dismissal of his complaint against Allianz Life Insurance Company by the United States District Court for the Eastern District of New York (Vitaliano, *J*.).   The complaint seeks a declaratory judgment that a life insurance policy purportedly assigned to a trust of which Brettler is a trustee is still in effect.   The sole remaining question presented is

---

* Judges Rosemary S. Pooler and Peter W. Hall, originally members of the panel, passed away before the filing of this opinion.   Judges Amalya L. Kearse and Eunice C. Lee were added to the panel.   *See* 2d Cir. IOP E(b).

whether Brettler had contractual standing under New York law to bring suit where the life insurance policy was transferred without providing notice to Allianz, in contravention of its terms. We certified the question to the New York Court of Appeals. The Court of Appeals having answered the certified question, we hold that Brettler lacks contractual standing to bring this lawsuit. We therefore **AFFIRM**.

David BenHaim, Lipsius-BenHaim Law, LLP, Kew Gardens, NY, *for Appellant*.

Dawn B. Williams, Faegre Drinker Biddle & Reath LLP, Washington, DC, *for Appellee*.

LOHIER, *Circuit Judge*:

This case returns to us following our receipt from the New York Court of Appeals of an answer to a certified question. As described in our prior order, *Brettler, Trustee of Zupnick Family Trust 2008 A v. Allianz Life Insurance Co. of North America*, 842 F. App'x 710, 711-12 (2d Cir. 2021) (*Brettler I*) and opinion, *Brettler, Trustee of Zupnick Family Trust 2008 A v. Allianz Life Insurance Co. of North America*, 57 F.4th 57, 59-61 (2d Cir. 2022) (*Brettler II*), familiarity with which is assumed, on April 7, 2008, Allianz issued a life insurance policy on the life of Dora Zupnick (the "Policy") to the Zupnick Family Trust 2008A (the "Trust"). The Policy provides in relevant part:

You [defined as the owner of the policy] may assign or transfer all or specific ownership rights of this policy. An assignment will be

effective upon Notice [defined as "Our receipt of a satisfactory written request"]. We [defined as Allianz] will record your assignment. We will not be responsible for its validity or effect, nor will we be liable for actions taken on payments made before we receive and record the assignment.

App'x 54, 64.

In April 2012 the Trust assigned the policy to Miryam Muschel. The Policy's assignment provision required the Trust to notify Allianz of the assignment through a "written request." App'x 54, 64. Allianz provides a Service Request form to do so. After Herman Brettler, a trustee, signed the "Owner's signature" portion of the Service Request form on behalf of the Trust, the Trust's lawyers transmitted the form to Allianz. App'x 30–32. On May 4, 2013, Allianz notified Muschel that it was owed $117,810.90 in premium payments by June 8 of that year. On June 7 the Trust sent Allianz a check from a Chase Bank account for the amount due. Chase did not honor the check. Instead, it notified Allianz that the failure to honor the check was a "bank error." App'x 8, 178. Allianz nevertheless "consider[ed] the Policy lapsed and without effect for failure to pay premiums." App'x 8.

On May 24, 2016, Muschel and the Trust signed a formal agreement assigning the Policy to the Trust. Muschel and Brettler completed Allianz's

3

"Request to Transfer Ownership" form in connection with the agreement, App'x 144–48, but no one informed Allianz of the assignment back to the Trust. On September 19, 2016, Brettler, in his capacity as a trustee, brought this action for a declaratory judgment that the Policy remained in effect. Allianz promptly moved to dismiss the complaint on the grounds of, among others, lack of contractual standing. In response to Allianz's motion, Brettler filed the May 24 agreement on the District Court's docket.

On December 6, 2018, the United States District Court for the Eastern District of New York (Vitaliano, *J.*) granted Allianz's motion to dismiss. The District Court held that the Trust lacked contractual standing to sue Allianz because Muschel, to whom the Trust had previously transferred ownership of the Policy, transferred it back to the Trust without notifying Allianz.

When Brettler appealed in 2019, we concluded that whether "failure to comply with a provision in a life insurance policy requiring written notice of an assignment renders the assignment ineffective is likely a question best answered by the New York Court of Appeals." *Brettler I*, 842 F. App'x at 712. We nevertheless opted not to certify the question at that time and instead remanded the case and directed the District Court to consider alternative grounds for

4

dismissal because there were "a number of issues, understandably left unresolved by the district court, that may dispose of this matter without the need for certification." *Id.* at 712–13. On remand, the District Court determined that there were no such grounds. *Brettler, Tr. of Zupnick Fam. Tr. 2008A v. Allianz Life Ins. Co. of N. Am.*, No. 16-CV-6855 (ENV) (SLT), 2022 WL 1749134, at *1 (E.D.N.Y. May 31, 2022).

When the matter returned to us, we recalled the mandate and certified the following question to the New York Court of Appeals regarding the effect of insufficient notice on a purported assignee's ability to sue: "Where a life insurance policy provides that 'assignment will be effective upon Notice' in writing to the insurer, does the failure to provide such written notice void the assignment so that the purported assignee does not have contractual standing to bring a claim under the Policy?" *Brettler II*, 57 F.4th at 61, 65–66. The Court of Appeals accepted and then reformulated our certified question to ask the following: "Where a life insurance policy provides that 'assignment will be effective upon Notice' in writing to the insurer, does the failure to provide such written notice deprive the purported assignee of contractual standing to bring a claim under the Policy against the insurer?" *Brettler v. Allianz Life Ins. Co. of N.*

5

*Am.*, 40 N.Y.3d 450, 452 (2023); *see* 22 N.Y.C.R.R. § 500.27(a); 2d Cir. R. 27.2(a).

On November 20, 2023, the New York Court of Appeals answered its reformulated question in the affirmative. It held that, under New York law, failure to provide notice to a contracting party deprives a purported assignee of contractual standing to bring suit against that party. *Brettler*, 40 N.Y.3d at 452–57. We thereafter instructed the parties to file supplemental briefing. In response, Brettler now argues that commencing this suit itself serves as legally sufficient notice to confer contractual standing. We disagree. The complaint is not framed as a written request to Allianz and does not mention either an assignment or the source of any assignment. As a result, as the New York Court of Appeals concluded, "absent notice, Allianz is not bound by Muschel's assignment to the Trust, and therefore the Trust cannot enforce any of the contractual rights of the policyholder against Allianz." *Id.* at 456. We therefore affirm the District Court's dismissal of the complaint.

We thank the New York Court of Appeals for its assistance in resolving this unsettled question of New York law. We have considered Brettler's remaining arguments in support of contractual standing and conclude that they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.